UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x

SHAZIA SHEERINZADA,

       Plaintiff,

vs.                                               Case No. 2:12-CV-04751-ADS

ANDREW M. SAUL,
Commissioner of Social Security,

       Defendant.
---------------------------------------------------------x

**MEMORANDUM AND ORDER AWARDING 406(b) FEES**

    This matter is before the Court on Doc. 20, Plaintiff's Motion for Award of Attorney Fees under 42 U.S.C. § 406(b), filed on August 18, 2016. (Doc. #20). On September 9, 2016, the Commissioner advised the Court that there was no objection to the Plaintiff's requested fee award. (Doc. #21).

    Previously, the Court issued a Memorandum of Decision and Order on March 10, 2014, granting Plaintiff's Motion Cross-Motion for Judgment on the pleadings to the extent the Court found that (1) the ALJ failed to properly ensure that the Plaintiff was aware of her right to counsel during the hearing and knowingly and voluntarily waived that right and (2) Plaintiff's lack of legal representation prejudiced her. (Doc. 16). This Court further remanded this case to the ALJ for another hearing consistent with the Memorandum of Decision and Order. *Id*. The Clerk entered Judgment on March 13, 2014. (Doc. #17). The Court then awarded attorney's fees of $5,600.00 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 on June 10, 2014. (Doc. #19).

    Following remand, an administrative law judge issued a fully favorable decision. The diligent and speedy pursuit of her benefits by her attorneys resulted in back benefits of

approximately $140,000 to Ms. Sheerinzada, as well as continued ongoing benefits and Medicare benefits.  In a Notice dated January 25, 2015, SSA indicated that $31,306.00 was the "balance of 25 percent of the past-due benefits," after deducting the "$5,911.00 ($6,000.00 minus a user fee of $89.00) under section 206(A) of the Social Security Act."   The undersigned thereafter filed a fee petition seeking fees under 42 U.S.C. § 406(a) and the Social Security Administration issued an Authorization to Charge and Collect a Fee dated July 19, 2016, authorizing counsel to charge and collect a fee of $15,000 for services rendered before the agency.  SSA issued another notice dated August 2, 2016, indicating that it was withholding $22,257.50 representing the balance of past due benefits.

Claimant's counsel moved for attorney's fees of $22,257.50, of which she will refund the claimant $5,600.00 in EAJA fees.  (Doc. 20).  The Commissioner did not object to the fees. (Doc. 21).  Upon consideration, the Court concludes that it is an appropriate fee under *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002).  In *Gisbrecht*, the Supreme Court acknowledged that contingent fees are the "primary" means by which fees are set for successfully representing claimants and should not be reduced unless "inordinately large."  *Id*. at 806-07.  Indeed, the Supreme Court has held that attorneys should recover a "fully compensatory fee" when the client receives "excellent results." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983).  In *Hensley*, the Court specifically recognized that contingency fees should often be considerably greater than simple hourly fees:

> Attorneys who take cases on contingency, thus deferring payment of their fees until the case has ended and taking upon themselves the risk that they will receive no payment at all, generally receive far more in winning cases than they would if they charged an hourly rate.  The difference, however, reflects the time-value of money and the risk of non-recovery usually borne by clients in cases where lawyers are paid an hourly rate.

*Hensley*, 461 U.S. at 448-49 (Burger, J., concurring).

2

Here, counsel has represented claimant since 2012, through many levels of appeal and hearings, and achieved excellent results. The requested $22,257.50 fee of around 14.94% of past-due benefits in 406(b) fees is reasonable given that Ms. Sheerinzada recouped over $149,000 in past-due benefits (also receiving continuing benefits), and *Gisbrecht* indicates that contingency fee awards up to 25% would typically be reasonable. The fee represents the uncertainty of payment and time value of money for this litigation. The Commissioner does not oppose this request, and it is consistent with previously awarded fee requests. Accordingly, it is hereby

**ORDERED AND ADJUDGED**:

1. Plaintiff is awarded fees for court work under 42 U.S.C. § 406(b) in the amount of $22,257.50.

2. The Commissioner is directed to pay these fees directly to counsel.

3. Counsel is directed to reimburse Plaintiff the $5,600.00 awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, since those fees are less than the fees awarded under § 406(b).

DATED: February 12, 2020

/s/ Arthur D. Spatt
_____
ARTHUR D. SPATT
United States District Judge

3